**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0123-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RASHAAD ALLEN,

    Defendant-Appellant.

_____

Submitted January 22, 2026 – Decided February 23, 2026

Before Judges Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 19-04-0843.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rashaad Allen appeals from an August 14, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing based on defendant's failure to establish a prima facie claim of ineffective assistance of counsel (IAC). We affirm, substantially for the reasons set forth in Judge Michael E. Joyce's thorough and well-reasoned oral opinion.

I.

We recount the salient facts from the record. On October 16, 2020, defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C: 11-4(a)(1), as amended from first-degree murder, N.J.S.A. 2C: 11-3(a)(2), for causing the death of Mutoti Amon.[1] Consistent with the plea agreement, defendant was sentenced to twenty years' incarceration, subject to five years' parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. On January 21, 2021, an amended judgment of conviction (AJOC) was entered, modifying defendant's sentence to impose five years' parole upon release from incarceration. On March 8, 2021, defendant's assigned counsel appealed the AJOC, in part because his sentence was excessive.

---

[1] The indictment also charged defendant with second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b)(1), second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1), and second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b)(1). These charges were dismissed pursuant to the negotiated plea agreement.

While the appeal was pending, defendant filed a self-represented PCR petition, arguing his attorney was ineffective by failing to review discovery with him and to explain the ramifications of pleading guilty. Defendant's appointed counsel withdrew his direct appeal on June 29, 2022.

On September 3, 2023, defendant's appointed counsel filed an amended PCR petition in which defendant asserted his trial counsel was ineffective at all stages of the criminal proceeding: pre-trial, by failing to review discovery with defendant to develop a trial strategy; at his plea hearing, by failing to elicit an adequate factual basis to support an aggravated manslaughter plea; by not preparing him to speak at the sentencing hearing; by failing to argue against application of the aggravating and mitigating factors under N.J.S.A. 2C:44-1(a) to (b) at sentencing; and by failing to properly advise defendant of the right to appeal his sentence. Defendant also contended the errors cumulatively rendered defendant's guilty plea unfair.

After hearing argument, the judge entered an order denying defendant's PCR petition for the reasons set forth in his comprehensive oral opinion. The judge considered each of the IAC claims and concluded they lacked merit under the two-pronged Strickland/Fritz test.[2]

---

[2] Strickland v. Washington, 466 U.S. 668 (1986); State v. Fritz, 105 N.J. 42 (1987).

A-0123-24

The judge found defendant's IAC claim based on counsel's failure to provide him with discovery was unpersuasive and did not specify the evidence alleged to have been withheld from defendant's review. The judge explained defendant had failed to "identify a single avenue of trial strategy his counsel should have pursued or a valid defense for any of the charges in the indictment."

The judge found the factual basis elicited at defendant's plea hearing to have "satisfie[d] each of the elements of aggravated manslaughter beyond a reasonable doubt." The judge reasoned defendant was neither mistaken nor confused when he pleaded guilty to aggravated manslaughter, and concluded defendant's guilty plea was knowing, intelligent, and voluntary.

Next, the judge found defendant's assertions of IAC based on counsel's failure to consider a passion provocation defense lacked a factual basis in the record. Nonetheless, the judge analyzed the claim and concluded the defense was inapplicable to defendant's circumstances.

The judge then turned to defendant's argument that his counsel was ineffective at the sentencing hearing by failing to advocate for application of mitigating factors and exclusion of aggravating factors. The judge found the sentencing judge had explicitly balanced the aggravating and mitigating factors and concluded none of the mitigating factors were applicable while aggravating

A-0123-24

factors three, six, and nine were.[3]  The judge stated that "sentencing counsel's failure to raise unsuccessful legal arguments does not constitute" deficient representation.  The judge then found, even if trial counsel's performance had been deficient during the sentencing hearing, defendant had failed to establish prejudice as required under Strickland/Fritz's second prong.

The judge addressed defendant's argument that his attorney had failed to adequately advise defendant about his waiver of the right to appeal his sentence.  After acknowledging counsel may have misinformed defendant on this issue, the judge recounted the circumstances surrounding the plea hearing and execution of defendant's plea forms, and found defendant understood his right to appeal and waiver after the court's explanation.  Thus, the judge concluded defendant had failed to demonstrate he suffered prejudice as the result of counsel's conduct.

The judge considered defendant's assertion that he had been previously diagnosed and treated for psychological issues, which seemingly should affect his sentence.  In rejecting this assertion, the judge relied on the lack of corroborating evidence in the sentencing record and in defendant's PCR petition.

---

[3]  See N.J.S.A. 2C:44-1(a)(3), (6), and (9).

A-0123-24

After recounting the applicable law, the judge concluded defendant had not established prejudice resulting from any of his claims. Thus, the judge found the doctrine of cumulative error was inapplicable.

Finally, the judge rejected defendant's contention that he was entitled to an evidentiary hearing because he had failed to establish a prima facie case under Strickland/Fritz. Defendant appealed, raising the following issues for our consideration:

> POINT ONE
>
> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING AND/OR RELIEF ON HIS CLAIMS THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL
>
> 1) PRETRIAL BY FAILING TO PROVIDE AND REVIEW DISCOVERY, FAILING TO DEVELOP A TRIAL STRATEGY, AND FAILING TO USE HIS DEFENSES TO BARGAIN FOR A BETTER PLEA;
>
> 2) DURING HIS PLEA BY FAILING TO OBJECT TO HIS PLEA OR ELICIT A FACTUAL BASIS;
>
> 3) AT SENTENCING BY FAILING TO ARGUE FOR RELEVANT MITIGATING FACTORS AND ARGUE AGAINST AGGRAVATING FACTORS; AND
>
> 4) POST-SENTENCE BY FAILING TO ADVISE HIS CLIENT ADEQUATELY ABOUT THE POSSIBLITY OF A SENTENCING APPEAL. ALL OF THESE DEFICIENCIES, ALONE OR IN THE AGGREGATE, LED TO A PLEA THAT [DEFENDANT] OTHERWISE WOULD NOT HAVE TAKEN OR A

6

HIGHER SENTENCE THAN HE OTHERWISE WOULD HAVE RECEIVED.

II.

A.

IAC claims are governed by the two-pronged Strickland/Fritz standard. "First, the defendant must show . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). A defendant must then show counsel's "deficient performance prejudiced the defense." Ibid. To show prejudice, a defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to [the] defendant's conviction." Id. at 58.

A defendant is entitled to an evidentiary hearing only when they have "presented a prima facie [case] in support of [PCR]," requiring the defendant to "demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (italicization omitted) (quoting State v. Preciose, 129 N.J. 451, 462-63 (1992)). A prima facie claim must be predicated on more than mere bald assertions or vague, conclusory statements. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). In the absence of an evidentiary hearing, we

review de novo "both the factual findings and legal conclusions of the PCR court." State v. Harris, 181 N.J. at 391, 421 (2004).

A defendant's "guilty plea must be made voluntarily, knowingly, and intelligently." State v. J.J., 397 N.J. Super. 91, 98 (App. Div. 2007) (quoting State v. Howard, 110 N.J. 113, 122 (1988)). To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'" State v. Gaitan, 209 N.J. 339, 351 (2012) (internal quotation marks omitted) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)).

B.

We are unconvinced based on our de novo review that Judge Joyce erred in finding defendant had failed to demonstrate a prima facie case of IAC under either prong of the Strickland/Fritz test sufficient to merit an evidentiary hearing. See Preciose, 129 N.J. at 462.

The judge correctly observed in his application of Strickland/Fritz that defendant had failed to provide factual support for his IAC arguments predicated on counsel's alleged failure to provide and review discovery with defendant before his plea was entered. See Marshall, 148 N.J. at 158. Similarly, we discern no error in the judge's rejection of defendant's assertion that he had been

8

previously diagnosed and treated for psychological issues, as unsupported by any evidence in the record.

We are also unconvinced the record reflects deficient representation in establishing the factual predicate for defendant's guilty plea. Our court rules require a judge to be independently satisfied "there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea." R. 3:9-2. A judge must reach its conclusion "in the context of the entire plea colloquy." State v. Smullen, 118 N.J. 408, 415 (1990).

Defendant contends on appeal he did not explicitly acknowledge that his actions caused the death of the victim, which was required to establish the factual predicate for an aggravated manslaughter plea.[4] We discern no error with the judge's finding that the record established defendant pleaded guilty to aggravated manslaughter. As Judge Joyce found, defendant agreed at the plea hearing that he was pleading guilty to aggravated manslaughter and repeatedly confirmed that he understood the nature of the aggravated manslaughter charge. Although defendant did not expressly state that he caused the victim's death, the

---

[4] Aggravated manslaughter occurs when "[t]he actor recklessly causes death under circumstances manifesting extreme indifference to human life." N.J.S.A. 2C:11-4(a)(1).

issue was uncontested. Defendant testified he was satisfied with his attorney and willingly entered his guilty plea. After the factual basis for the plea was set forth on the record, the judge carefully reviewed the plea with defendant and confirmed defendant understood and pleaded guilty to the aggravated manslaughter charge, which without dispute resulted from the victim's death.

The judge properly rejected defendant's argument that counsel was ineffective by failing to advocate for the application of any statutory mitigating factors and the exclusion of aggravating factors at the sentencing hearing. As Judge Joyce correctly found, the sentencing judge balanced the aggravating and mitigating factors before concluding none of the mitigating factors were applicable and aggravating factors three, six, and nine were. We discern no error with Judge Joyce's finding that defendant had failed to articulate how the mitigating factors applied with reference to competent, credible evidence in the record.

To the extent defendant argues that his counsel failed to properly advise him of his right to appeal his sentence, the court's colloquy with defendant at sentencing resolved the issue. We note that defendant also did in fact appeal the AJOC, but withdrew the filing over a year later, before filing his first PCR petition.

10

We are unconvinced the judge erred in concluding that, even if counsel's performance at the plea or sentencing hearings had been deficient, defendant was not prejudiced. Defendant does not state in either of his verified petitions that, absent counsel's alleged errors, he would not have pleaded guilty and, instead, would have proceeded to trial. Nor does he explain in either his initial or supplemental petition why he filed an appeal of the AJOC but then withdrew the filing. Ultimately, as set forth by Judge Joyce, counsel negotiated a favorable plea resulting in a sentence of twenty-years' incarceration with a seventeen-year period of parole ineligibility pursuant to NERA which was much less than the mandatory minimum of thirty-years in prison with a thirty-year period of parole ineligibility he faced if convicted of first-degree murder. Thus, we discern no prejudice to defendant from the alleged attorney deficiencies.

Defendant's IAC claim predicated on counsel's purported failure to explain why the passion provocation defense would not be successful also does not meet the Strickland/Fritz test because defendant failed to demonstrate prejudice. Defendant does not articulate how a statement from a "Mr. Simmons" reiterating defendant's alleged comment to him that defendant never left the location but started to walk away, then drew a gun and chased and shot the victim, or a statement from his father, would have assisted his defense in light of defendant's own admissions. During the plea hearing colloquy, defendant

A-0123-24

admitted to fighting with the victim, leaving the scene when a police officer arrived, and returning to the scene with the gun that he used to shoot the victim at close range. As Judge Joyce properly concluded, there was some gap in time between the physical altercation or alleged provocation and defendant's return to the scene. Thus, the record lacked any clear and credible evidence supporting a passion provocation defense. See State v. Balbosa, 481 N.J. Super. 497, 520 (App. Div. 2025); State v. Owens, 262 N.J. 391 (2026).

Lastly, regarding defendant's claim of cumulative error, we note only that "the theory of cumulative error will . . . not apply where no error was prejudicial and the trial was fair." State v. Weaver, 219 N.J. 131, 155 (2014). Because the judge's denial of relief on each of defendant's IAC arguments is well-supported by prevailing law and the record, defendant has failed to demonstrate individualized prejudice and has provided no basis on which to conclude any of the proceedings were unfair. Thus, we discern no error warranting relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0123-24